**UNITED STATES FEDERAL COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JESSICA MOORE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:24-cv-1036** |
| | § | |
| **KINSHIP PLACE, LLC, KEARY JONES,** | § | |
| **INDIVIDUALLY AND STACEY VON** | § | |
| **ATKINSON, INDIVIDUALLY,** | § | |
| | § | |
| **Defendants.** | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

Plaintiff Jessica Moore ("Moore") brings this Fair Labor Standards Act ("FLSA") suit against the Defendants named above under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

**I.  NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Moore in accordance with the FLSA's guarantees and protections. Defendants have failed to pay Moore minimum wage throughout her employment, at times paying her as little as $1.94 per hour.

3. Defendants also failed to pay Plaintiff time-and-one-half her regular rate of pay for all hours worked in excess of forty hours within a workweek, although Defendants had full knowledge that Moore consistently worked well over forty hours per week.

4. Moore was never paid via paycheck, nor did she ever receive pay stubs.  Instead, she was paid via Cash App.

5. Additionally, after making a number of complaints about Defendants' pay practices, all to no avail, Moore retained an attorney to help her recover the unpaid wages Defendants owed her.

6. Moore's attorney sent a settlement demand to Defendants on or about October 15, 2024, explaining that Defendants' pay practices violated the FLSA.   Within days, Defendants confronted Moore with the settlement demand, demanded to know why she chose to get an attorney involved in this matter, and informed her, effectively immediately, that she was fired.

7. Further, even though she was currently residing in one of Defendants' group homes, Defendants unlawfully evicted Moore, demanding that she leave the premises immediately.   As such, Moore brings an additional claim under the FLSA against Defendants for unlawful retaliation.

## II. PARTIES

8. Plaintiff Jessica Moore ("Plaintiff" or "Moore") is an individual who resides within this judicial district.  Defendants employed her within the meaning of the FLSA from May 2023 through October 18, 2024.  Moore was a caregiver for Defendants and provided 24/7 care to Defendants' residents.

9.  Defendant Kinship Place, LLC ("Kinship Place") provides group homes for its residents in and around the Fort Worth area.  Kinship Place's residents are elderly, mentally disabled veterans who reside on Defendants' premises and need assistance with their activities of daily living.  Kinship Place's website states that "Kinship Place provides a broad array of transitional and residential services to individuals that have experienced tenure in psychiatric institutions, multiple arrest or emergency room visits."  *See* https://www.kinshipplace.org/about-6 (page last visited October 24, 2024).

10. Defendant Kinship Place, ostensibly a non-profit, employs caregivers such as Plaintiff to reside on the premises of their group homes to provide care and assistance to their clients living in their group homes around the clock.

11. Kinship Place was an employer of Moore as defined by 29 U.S.C. §203(d).

12. Defendant Keary Jones and her husband Stacey Von Atkinson are the owners, operators and sole proprietors of Kinship Place.

13. Kinship Place's registered agent is Defendant Keary Jones, and she may be served at 206 N. Hurst Road, Burleson, Texas 76028, or wherever else she may be found.

14. Defendant Keary Jones, one of the owners of Kinship Place, is an individual residing in Burleson, Texas, and was an employer of Moore as defined by 29 U.S.C. §203(d).

15. Defendant Keary Jones may be served at 206 N. Hurst Road, Burleson, Texas 76028.

16. Defendant Stacey Von Atkinson, the other owner of Kinship Place, was an employer of Moore as defined by 29 U.S.C. §203(d).

17. Defendant Stacey Von Atkinson may be served at 206 N. Hurst Road, Burleson, Texas 76028.

18. At all times hereinafter mentioned, Keary Jones and Stacey Von Atkinson exercised managerial responsibilities and substantial control over their employees, including Moore, and the terms and conditions of their employment.

19. Defendants Jones and Atkinson have the authority to hire, fire and direct their employees, including Moore.  Defendant Jones hired Moore, and Defendant Atkinson fired Moore.

20. Defendants Jones and Atkinson have the authority to supervise and control their employees' employment relationships and work schedules, including Moore.  Defendants directed Moore to perform her work in any one of a number of their group homes, and Moore would then go to that group home and provide care and assistance to the residents.  Defendants also controlled Moore's hours and schedule.

21. Defendants Jones and Atkinson have the authority to set and determine the rate and method of pay of their employees, including Moore.  Both Defendants decided to pay Moore, a full-time employee, approximately $125 per week.

22. Defendants Jones and Atkinson have the authority to determine whether their employees, including Moore, receive minimum wage and overtime compensation.  Both Defendants knew Moore was working so many hours that she was not paid the federal minimum wage.  Additionally, both Defendants knew that Moore was not being paid overtime pay.

### III. JURISDICTION AND VENUE

23.  This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law.  Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.   This Court also has personal jurisdiction over all parties to this action.

24. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Tarrant County, Texas, which is in this District and Division.

25. Moore was an employee of Defendants and performed work for Defendants in and around Tarrant County, Texas.  Defendants are subject to this Court's personal jurisdiction with respect to this civil action.  Defendants thus reside in this district and division.  28 U.S.C. §1391(c).  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

26. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Moore.

27. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or

business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

30. Additionally, Kinship Place, LLC is an enterprise engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution ... 29 U.S.C. § 203(s)(1)(B).  *See* ¶ 9, *supra*.  As such, enterprise coverage is conferred based on this section alone, independent of any other factors. *See Dole v. Odd Fellows Home Endowment Bd.*, 912 F.2d 689, 693-95 (4th Cir.1990) (noting that commerce requirement of §203(s)(1)(A) did not apply to an institution primarily engaged in the care of the sick under 29 U.S.C. § 203(s)(1)(B)).

31. At all times hereinafter mentioned, Moore was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

32. Defendants operate a number of group homes in and around the Fort Worth area that provide care and assistance to elderly and/or disabled veterans who reside on the premises of Defendants' group homes.

33. Moore was employed by Defendants as a full-time caregiver, providing around-the-clock care to Defendants' clients in Defendants' various group homes.  In order to fulfill her job duties, Moore resided on the premises of these group homes.

34. Moore began working for Defendants on a full-time basis in approximately April of 2023.

35. Moore continued working for Defendants until Friday, October 18, 2024, when Defendants fired Moore for engaging in protected activity (*see infra* at ¶¶ 42-45).

36. While employed by Defendants, Moore performed work as a caregiver.

37. Moore was paid approximately $125 per week, and recorded all hours worked for Defendants.

38. Assuming Moore only worked 40 hours per week, her hourly rate would be $3.12 per hour, $4.13 below minimum wage.

39. However, Moore consistently worked between 50-60 hours per week, often more.   In weeks in which she worked 60 hours, her hourly rate was $2.08, $5.17 below minimum wage.

40. Defendants were aware of the exact amount of hours Moore worked, as they required Moore to record and submit her hours.

41. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay minimum wage and overtime compensation to Moore.

42. On Friday October 18, 2024, Defendants fired Moore for exercising her rights under the FLSA, in violation of 29 U.S.C. § 215(a)(3).

43. More specifically, after complaining on numerous occasions about her substandard pay (as well as living conditions) and being ignored, Moore retained an attorney who sent a demand letter to Defendants explaining that they were in violation of the Fair Labor Standards Act for failure to pay both minimum wage and overtime wages.

44. Defendants fired Moore within *one to two days* after receiving the letter from Moore's attorney.

45. Defendants then demanded that Plaintiff immediately vacate the premises, even though Plaintiff was currently residing on the premises, in spite of the fact that Defendants had not yet instituted eviction proceedings nor had they provided Plaintiff with any notice of eviction.

## VI. CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

46. During the relevant period, Defendants have violated Section 6 of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above and/or by employing employees, including Plaintiff, in an enterprise engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and not paying Plaintiff the statutorily mandated minimum wage.

47. Plaintiff is entitled to the full minimum wage for all hours under 40 per workweek in which she worked for Defendants.

48. Defendants have acted willfully in failing to pay Plaintiff in accordance with applicable law.

### COUNT II
### FAILURE TO PAY OVERTIME WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

49. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, and/or by employing employees, including Plaintiff, in an enterprise engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, for workweeks longer than 40 hours without compensating Plaintiff for her work in excess of forty hours per week at rates no less than one-and-one-half times her regular rates for which she was employed.

50. Plaintiff is entitled to one and one half times the minimum wage, or $10.87 per hour, for all hours worked over forty each workweek for Defendants.

51. Defendants have acted willfully in failing to pay Moore in accordance with applicable law.

## COUNT III
## RETALIATION FOR ENGAGING IN PROTECTED CONDUCT

52. Moore incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

53. Moore complained verbally about Defendants' pay practices that were unlawful under the FLSA.

54. Additionally, through her attorney's letter advising Defendants that they were in violation of the FLSA, Moore complained about Defendants' refusal to pay her minimum wage for all non-overtime hours and Moore also complained about Defendants refusal to pay her overtime premiums for hours worked over forty per workweek.

55. Moore engaged in protected conduct by complaining about Defendants' FLSA violations.

56. Defendants did nothing to rectify the wage and hour violations about which Moore complained.

57. In fact, within days after receiving Moore's letter setting forth Defendants' violations of the FLSA, Defendants angrily confronted Moore, demanded to know why she had hired an attorney, and immediately retaliated against Moore by firing her.

58. Defendants then proceeded to unlawfully evict Moore from Defendants' premises, where she resided, demanding that she vacate the premises immediately.

59. Defendants violated the provisions of 29 U.S.C. § 215(a)(3) by terminating Moore's employment and unlawfully evicting her because she filed a complaint or instituted or caused to be instituted a proceeding under or related to the FLSA or was about to testify in any such proceeding.

60. Defendants willfully, intentionally, and unlawfully retaliated against Moore because she engaged in protected activity under 29 U.S.C. § 215(a)(3).

## VII.  JURY DEMAND

61.   Plaintiff hereby requests a trial by jury on all issues appropriate for determination by a jury under the FLSA.

## VIII. PRAYER FOR RELIEF

Plaintiff Jessica Moore prays for judgment against Defendants Kinship Place, LLC, Keary Jones and Stacey Von Atkinson, jointly and severally, as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Moore and for liquidated damages equal in amount to the unpaid compensation found due to Moore;

b.      For an Order pursuant to 29 U.S.C. §215(a)(3), awarding Moore  compensatory damages, liquidated damages, and punitive damages in connection with Defendants' unlawful retaliatory conduct with respect to Moore;

c.      For an Order awarding Moore the taxable costs and allowable expenses of this action;

d.      For an Order awarding Moore attorneys' fees;

e.      For an Order awarding Moore pre-judgment interest (in the event liquidated damages are not awarded) and post-judgment interest at the highest rates allowed by law;

f.      For an Order awarding Moore declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

g.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

WELMAKER LAW, PLLC


*/s/  Douglas B. Welmaker*
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com


**ATTORNEY FOR PLAINTIFF**