IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JESSICA MOORE<br>    Plaintiff,<br><br>vs.<br><br>KINSHIP PLACE, LLC ET AL<br>    Defendant. | Case Number : 4:24-cv-01036-O |

## DEFENDANTS JOINT ORIGINAL ANSWER

Defendants Kinship Place, LLC, Keary Jones, and Stacey Von Atkinson, (collectively "Defendants") and file this Joint Original Answer to Plaintiff Jessica Moore's Original Complaint as follows:

### I. NATURE OF THE SUIT

Defendants are not required to admit or deny the Plaintiff's summary as alleged at the outset of the Complaint in Paragraphs 1 – 7. To the extent a response is required, Defendants deny the allegations.

### II. PARTIES

8.   Defendants admit Plaintiff is an individual who resides within the judicial district. Defendants deny Plaintiff was employed within the meaning of the FLSA from May 2023 through October 18, 2024. Defendants admit Plaintiff was a caregiver, but deny she provided 24/7 care to Defendants' residents.

9.   Defendants admit the allegations in Paragraph 9.

10.  Defendants deny the allegations in Paragraph 10.

11. Defendants admit Plaintiff was employed by Defendant Kinship Place. Defendants are not required to admit or deny Plaintiff's interpretation of statutory definitions.

12. Defendants admit the allegation in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants admit Defendant Keary Jones is an owner of Kinship Place. Defendants admit Plaintiff was employed by Defendant Kinship Place. Defendants are not required to admit or deny Plaintiff's interpretation of statutory definitions.

15. Defendants admit the allegations in Paragraph 15.

16. Defendants admit Defendant Stacey Von Atkinson is an owner of Kinship Place. Defendants admit Plaintiff was employed by Defendant Kinship Place. Defendants are not required to admit or deny Plaintiff's interpretation of statutory definitions.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants admit that Defendant Keary Jones and Stacey Von Atkinson exercised managerial responsibilities and control over employees and the terms and conditions of their employment. Defendants deny that control was exercised "at all times hereinafter mentioned."

19. Defendants admit that Defendant Keary Jones and Defendant Stacey Von Atkinson have authority to hire, fire, and direct Kinship's employees. Defendants deny the remaining allegations in this paragraph.

20. Defendants admit that Defendant Keary Jones and Defendant Stacey Von Atkinson have the authority to supervise and control Kinship's employees' work schedules. More information is needed to admit or deny the type of "employment relationships" Plaintiff is referring to in Paragraph 20, and as such, Defendants cannot admit or deny. Defendants admit they directed Plaintiff's work and controlled Moore's hours and schedule.

21. Defendants admit the Defendant Jones and Defendant Atkinson have the authority to set and determine the rate and method of pay of Kinship's employees. Defendants deny the remaining allegations contained in Paragraph 21.

22. Defendants admit that Defendant Jones and Defendant Atkinson have the authority to determine Kinship's employees hourly pay rate and/or salary and hours. Defendants deny the remaining allegations in Paragraph 22.

### III. JURISDICTION AND VENUE

23. Defendants admit the Court has subject matter jurisdiction over Plaintiff's claims. Defendants are not required to admit or deny Plaintiff's interpretation of statutes.

24. Defendants admit venue is proper. Defendants are not required to admit or deny Plaintiff's interpretation of statutes.

25. Defendants admit the Court's personal jurisdiction over the Defendants. Defendants are not required to admit or deny Plaintiff's interpretation of statutes.

### IV. COVERAGE UNDER THE FLSA

26. Defendants admit that Kinship is an employer of Plaintiff. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27. Defendants are not required to admit or deny Plaintiff's interpretation of statutes.

28. Defendants deny the allegations in Paragraph 28. Defendants are not required to admit or deny Plaintiff's interpretation of statutes.

29. Defendants admit Kinship Place is engaged in commerce. Defendants are not required to admit or deny Plaintiff's interpretation of statutes.

30. Defendants admit Kinship Place is engage in the care of the sick, aged, or the mentally ill. Defendants are not required to admit or deny Plaintiff's interpretation of statutes.

31. Defendants admit Plaintiff was an employee of Kinship Place. Defendants are not required to admit or deny Plaintiff's interpretation of statutes.

## V. FACTUAL ALLEGATIONS

32. Defendants admit that Kinship Place operates group homes in and around Fort Worth that provide care and assistance to individuals. Defendants deny the remaining allegations in Paragraph 32.

33. Defendants admit Plaintiff was an employee of Kinship Place. Defendants admit Plaintiff resided in a group home. Defendants deny the remaining allegations in Paragraph 33..

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants admit the allegations in Paragraph 36.

37. Defendants deny the allegations is Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42. Defendants are not required to admit or deny Plaintiff's interpretation of statutes.

43. Defendants admit Plaintiff retained an attorney who sent a demand letter. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

## VI. CAUSE OF ACTION

### COUNT 1

46. Defendants deny the allegations in Paragraph 46. Defendants are not required to admit or deny Plaintiff's interpretation of statutes.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

### COUNT II

49. Defendants deny the allegations in Paragraph 49. Defendants are not required to admit or deny Plaintiff's interpretation of statutes.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

### COUNT III

52. Defendant incorporates the preceding admissions and denials in response to Plaintiff's previous allegations.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants admit a letter was received from Plaintiff's attorney. Defendants deny the remaining allegations.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants are not required to admit or deny Plaintiff's interpretation of statutory language. Defendants deny the remaining allegations in Paragraph 59.

60. Defendants are not required to admit or deny Plaintiff's interpretation of statutory language. Defendants deny the remaining allegations in Paragraph 60.

## VII. JURY DEMAND

61. Defendants admit Plaintiff has requested a trial by jury.

## VIII. PRAYER FOR RELIEF

62. Defendants are not required to admit or deny the allegations in Plaintiff's Prayer for Relief. Defendants deny that Plaintiff is entitled to recover any damages.

## DEFENSES INCLUDING AFFIRMATIVE DEFENSES

Without conceding the burden of proof required of Plaintiff, Defendants assert the following defenses, which include affirmative defenses:

1. Plaintiff has failed to mitigate damages, if any.

2. To the extent applicable, Defendants plead an offset of all damages against them.

3. Defendants dispute the actual number of hours worked by Plaintiff.

4. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA")

5. Defendants acted in good faith and had reasonable grounds for believing their actions did not violate the FLSA. Further, Defendants did not know or show reckless disregard as to whether their actions was prohibited by the FLSA.

6. Plaintiff is not entitled to punitive damages as Defendants did not act in a manner that would give rise to punitive/liquidated damages.

7. To the extent Plaintiff is entitled to punitive damages, the damages should be limited to the applicable provisions of the FLSA, the United States Constitution, and the Texas Constitution.

8. Any damages sought by Plaintiff that are not explicitly set forth in the FLSA are barred and not recoverable.

9. Defendants dispute that Plaintiff was improperly compensated for the work done.

10. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants respectfully pray that all claims against Defendants made by Plaintiff be dismissed with prejudice, and that Defendants be entitled to any other relief, including attorney's fees.

Respectfully submitted,

KENNEDY
Attorneys & Counselors at Law

/s/ C. Trey Scott
MARK S. KENNEDY
State Bar of Texas No. 24000122
LURESE TERRELL
State Bar of Texas No. 24008139
C. TREY SCOTT
State Bar of Texas No. 24083821
12222 Merit Drive, Suite 17500
Dallas, TX 75251
Telephone: (214) 445-0740
Fax: (972) 661-9320
trey@markkennedylaw.com

**ATTORNEYS FOR DEFENDANT'S**

## CERTIFICATE OF SERVICE

    I hereby certify that on January 13, 2025, a copy of this Joint Answer was served on all counsel of record through the CM/ECF system, which automatically issued a Notice of Electronic Filing on the attorneys of record for Plaintiff.

                                          /s/ C. Trey Scott
                                          C. TREY SCOTT