UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JESSICA MOORE,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Case No. 4:24-cv-1036-O |
| § | |
| **KINSHIP PLACE, LLC, KEARY JONES,** § | |
| **INDIVIDUALLY AND STACEY VON** § | |
| **ATKINSON, INDIVIDUALLY,** § | |
| § | |
| **Defendants.** | |

## JOINT RULE 26 REPORT

Plaintiff Jessica Moore and Defendants Kinship Place, LLC, Keary Jones, and Stacey Von Atkinson ("the "Parties") file this Joint Rule 26 Report and in support thereof, would show the following:

(1) A brief statement of the claims and defenses;

Plaintiff claims that her weekly pay of was so low that Defendants failed to pay her minimum wage for most if not all of hours worked under 40 per workweek. Plaintiff also claims that she was not paid overtime premiums for any hours worked over forty per workweek.

Defendants claim Plaintiff was appropriately paid for both any regular hours or overtime hours. Defendants further claim that no retaliatory action was taken against Plaintiff following the initial settlement offer that was made.

(2) A proposed time limit to file motions for leave to join other parties;

Friday, February 15, 2025.

(3) A proposed time limit to amend the pleadings;

Friday, March 14, 2025.

(4) Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days);

Friday, June 27, 2025.

(5)  A proposed time limit for initial designation of experts;

Friday, March 14, 2025.

(6)  A proposed time limit for responsive designation of experts;

Tuesday, April 15, 2025.

(7)  A proposed time limit for objections to experts (i.e., Daubert and similar motions);

Thursday, April 30, 2025.

(8)  A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;

Discovery must be completed by May 30, 2025.  The subjects of discovery will be hours worked by Plaintiff, pay received by Plaintiff, and Defendants' familiarity with the requirements of the Fair Labor Standards Act.  Discovery does not need to be conducted in phases, and the parties do not anticipate the use of testifying experts at trial.

(9)  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

None.

(10)  Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

The parties agree to address ESI as it comes up in the normal course of discovery.

(11)  Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.

None.

(12)  A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed);

Monday, November 10, 2025.[1]

---

[1] In an abundance of caution, the Parties, while mindful of this Court's instruction that trial typically should be set for one year after filing of the Complaint, pushed the proposed trial date back several weeks to account for counsel for

(13)     A proposed date for further settlement negotiations;

February 28, 2025.

(14)     Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

None at this time.

(15)     Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray (if all parties consent, please submit the attached consent form);

The Parties consent to a trial before a Magistrate.

(16)     Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

The parties agree that the mediation deadline should be Friday, June 13, 2025.

(17)     Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

None.

(18)     Whether a conference with the Court is desired; and

None.

(19)     Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).

None.

---

defendants' currently scheduled federal criminal trial set to occur on October 6, 2025. The trial is estimated by the Department of Justice to take two weeks.

Respectfully submitted,

WELMAKER LAW, PLLC


/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**


KENNEDY
Attorneys & Counselors at Law
/s/ C. Trey Scott
MARK S. KENNEDY
State Bar of Texas No. 24000122
LURESE TERRELL
State Bar of Texas No. 24008139
C. TREY SCOTT
State Bar of Texas No. 24083821
12222 Merit Drive, Suite 17500
Dallas, TX 75251
Telephone: (214) 445-0740
Fax: (972) 661-9320
trey@markkennedylaw.com

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF CONFERENCE

I certify that both parties consulted with each other in order to prepare this Rule 26 Report on January 28, 2025.

/s/ Douglas B. Welmaker
Douglas B. Welmaker

4