## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| JESSICA MOORE § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-01036-BP |
| § | |
| KINSHIP PLACE, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## SCHEDULING ORDER

**I.  SUMMARY OF CRITICAL DATES**

| | |
|---|---|
| Trial Date (¶ 1) | November 10, 2025 |
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) (¶ 2) | March 20, 2025 |
| Deadline for Motions for Leave to Join Parties and Amend Pleadings (¶ 3) | March 27, 2025 |
| Initial Expert Designation & Report (¶ 4a) | March 27, 2025 |
| Responsive Expert Designation & Report (¶ 4b) | April 15, 2025 |
| Expert Objections (¶ 4c) | April 30, 2025 |
| Dispositive Motions (¶ 5) | June 27, 2025 |
| Mediation (¶ 6) | June 13, 2025, report 7 days after |
| Completion of Discovery (¶ 7) | May 30, 2025 |
| Pretrial Disclosures & Objections (¶ 8) | September 29, 2025, objections 14 days after |
| Pretrial Materials (¶ 9) | October 13, 2025 |
| Exchange of Exhibits (¶ 10) | October 27, 2025 |
| Pretrial Conference (¶ 11) | To be set if necessary |

**II.     SCHEDULING INSTRUCTIONS**

Under Rule 16(b) of the Federal Rules of Civil Procedure and the local rules of this Court (except as modified by this Order), the Court, having considered the Joint Status Report submitted by Plaintiff, finds that the following schedule should govern the disposition of this case:

Unless otherwise specified in this Order, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

1. **Trial Date**: This case is **set for jury trial** on **November 10, 2025 at 9:00 a.m.**

2. **Initial Disclosures**:  By **March 20, 2025**, the parties shall serve all disclosures required by Rule 26(a)(1), Federal Rules of Civil Procedure. (Unless otherwise noted, all references to Rules in this Order shall refer to the Federal Rules of Civil Procedure). As provided by the Rule, these disclosures shall not be filed with the Clerk of the Court.

3. **Joinder of Parties and Amendment of Pleadings**: By **March 27, 2025**, all motions requesting joinder of additional parties and requesting leave to amend pleadings shall be filed.

4. **Experts**:

    a. **Initial Designation of Expert(s)**:  Unless otherwise stipulated or directed by order, the party with the burden of proof on the issue subject to the expert designation shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **March 27, 2025**.

    b. **Responsive Designation of Expert(s)**:  Each party without the burden of proof on the issue subject to expert designation shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **April 15, 2025**.

    c. **Challenges to Experts:**  The parties are directed to file any objections to, or motions to strike or exclude expert testimony (including *Daubert* motions), **on or before April 30, 2025.** *No challenges to experts shall be filed prior to April 15, 2025, without obtaining leave of court.*

5. **Dispositive Motions**:  By **June 27, 2025**, all motions that would dispose of all or any part of this case (including **motions for summary judgment**) shall be filed.

6. **Mediation Deadline**: The parties shall jointly select a mediator and mediate on or before **June 13, 2025**. Within **seven days** after the mediation, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party and by any unrepresented party, detailing the date on which the mediation was held, the persons present (including the capacity of any representative), and a statement informing the Court of the effect of their mediation and whether this case has been settled by agreement of the parties.

7. **Completion of Discovery**:  By **May 30, 2025**, all discovery shall be completed. The parties may agree to extend these discovery deadlines, provided (a) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission dates; and (b) written notice of the extension is given to the Court.

8. **Pretrial Disclosures and Objections**: Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A)–(B) by **September 29, 2025**. With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use. (Modification of Rule 26(a)(3)(A)(ii)). Within **14 days thereafter**, a party must serve and file a list disclosing any **objections**, together with the grounds therefor, to: (a) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (b) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (c) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[1] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

9. **Pretrial Materials**: By **October 13, 2025**, except as otherwise noted below, all **pretrial materials** shall be filed. Specifically, by this date:

    **a. Witness List**: A **list of witnesses** shall be filed by each party, which divides the persons listed into groups of "**probable witnesses**," "**possible witnesses**," "**experts**," and "**record custodians**" and which provides:

    **(i)** the **name and address** of each witness;

    **(ii)** a **brief narrative summary** of the testimony to be covered by each witness;

    **(iii)** whether the witness has been **deposed**; and

    **(iv)** the **expected duration** of direct or cross-examination of the witness.[2]

---

[1] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A)(i) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations (Rule 26(a)(3)(A)(ii)) and exhibits (Rule 26(a)(3)(A)(iii)).

[2] Pursuant to Rule 16(c)(2)(O) and Section VII of the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan, the Court may impose a reasonable limit on the

The witness list will include three columns. The first column will contain a brief statement of the subject matter to be covered by a particular witness. The second column will bear the heading "Sworn" and the third column will bear the heading "Testified" so that the Court can keep track of the witnesses at trial.

If any witness needs an interpreter, please note this on the witness list. It is the obligation of the party offering such a witness to arrange for an interpreter to be present at trial.

(Modification of Local Rule 26.2(b))

**b. Exhibit List and Deposition Testimony Designations**: A **list of exhibits (including demonstrative exhibits) and a designation of portions of depositions** to be offered at trial shall be filed by each party. The list of exhibits shall describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit. (Modification of Local Rule 26.2(b), (c)). Do not use letter suffixes to identify exhibits (e.g., designate them as 1, 2, 3, not as 1A, 1B, 1C). The Exhibit list will include two columns, one bearing the heading "Offered" and the other bearing the heading "Admitted."

Each party's **exhibit list** shall be accompanied by a written statement, signed by counsel for each party and state that, as to each exhibit shown on the list,

   **(i)** the parties agree to the admissibility of the exhibit; or

   **(ii)** the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the name(s) of the party or parties urging the objection.

All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. Counsel for the party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit the party proposes to offer. This includes an obligation to make exhibits available for inspection in advance of the deadline for filing exhibit lists where a party needs to see exhibits to assess admissibility. The Court may exclude any exhibit offered at trial unless such a statement regarding the exhibit has been filed in a timely manner. In addition, objections not identified in the statement may be waived.

---

time allowed for presenting evidence in this case. See Commentary - 1993 Amendment to the Federal Rules of Civil Procedure (court should ordinarily impose time limits only after receiving appropriate submissions from the parties).

A **list of each party's exhibits** to which no objection will be lodged (preadmitted) must be submitted at the **pretrial conference**.[3] The Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

**c. Jury Charge (annotated)**[4]: **Requested jury instructions and questions** shall be filed as set forth below. In order to minimize time after commencement of the trial in resolving differences in the language to be included in the Court's charge to the jury:

- **(i)** At 10:00 a.m. on **October 13, 2025**, or at such other date and time agreed to by counsel, the lead attorneys for the parties shall have a live or telephone conference for the purposes of (1) discussing, and trying to resolve, differences between the parties as to language to be included in the Court's charge to the jury and (2) identifying areas of disagreement that cannot be resolved. Such conference shall be held for enough time for there to be a meaningful discussion of all areas of disagreement and a good faith attempt to accomplish agreement. Counsel shall cooperate fully in all matters related to this conference.

- **(ii)** On **October 24, 2025**, counsel for Defendants shall file a document titled "Agreed Charge" which in a single document shall contain, in logical sequence, all language to be included in the charge, including jury instructions and jury questions, about which the parties do not have disagreement and all language either party wishes to have included in the charge about which there is disagreement. All language of the proposed charge about which there is disagreement shall be (A) in bold face, (B) preceded by an indication of the identity of the party requesting the language, and (C) followed by a listing of citations of authorities in favor of and in opposition to the proposed language. Objections may be waived if not stated in the Agreed Charge.

Defendants must also send, in a Word-compatible format, the Agreed Charge to: ray_orders@txnd.uscourts.gov and include the case number and the document number of the referenced motion in the subject line.

**d. Motions in Limine**: Counsel for the parties shall file and serve any Motions in Limine on the opposing party by **October 13, 2025**. Responses must be filed with the Court and served on the opposing party by **October 20, 2025**. Replies to responses are not permitted except by leave of Court.

---

[3] This does not change the sequential manner in which each side should number its exhibits. In other words, a party should not separately number its exhibits into "objected to" and "unobjected to" categories.

[4] "Annotated" means that each conclusion of law or requested jury instruction and question shall be accompanied by citation to statutory or case authority. It is not sufficient to submit a proposed conclusion of law or jury instruction and question without citation to supporting authority.

5

      **e. Voir Dire**: Counsel for the parties shall file any **proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel by **October 20, 2025**. Counsel will also be afforded time during which to conduct voir dire of the jury panel.

      **f. Trial Briefs**: Trial briefs may be filed by each party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit and/or Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

**NOTE:** Deadlines in this order regarding pretrial materials are dates for **filing** or **delivery, not mailing** dates.

10.   **Exchange of Exhibits**: No later than **October 27, 2025,** counsel for each party intending to offer exhibits shall **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel and **shall deliver a set of marked exhibits to the Court's chambers** (except for large or voluminous items that cannot be easily reproduced).

11.   **Pretrial Conference**: A **pretrial conference** will be conducted, in person, if the Court determines such a conference is necessary. If the Court anticipates imposing time limits on the presentation of evidence that *significantly* reduces the parties' estimated trial length, the Court will schedule a pretrial conference and advise of such deadlines so that counsel will have reasonable notice of such limits. Lead counsel for each party must attend, or, if the party is proceeding *pro se*, the party must attend. Fed. R. Civ. P. 16 (c)(1) & (e). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id*. All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed.

12.   **Modification of Scheduling Order**: As addressed above, this Order shall control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by leave of court. Fed. R. Civ. P. 16(b)(4). Conclusory statements will usually not suffice to show good cause, even if the motion is agreed or unopposed. Moreover, the Court does not grant motions to modify the scheduling order as a matter of course. Any request that the trial date of this case be modified must be made (a) **in writing** to the Court, (b) **before** the deadline for completion of discovery, and (c) **in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan ¶ V and Local Rule 40.1** (motions for continuance must be signed by the party as well as by the attorney of record).

13.   **Sanctions**: Should any party or counsel fail to cooperate in doing anything required by this Order, such party or counsel or both may be subject to sanctions. If the *plaintiff* does not timely file the required (or other) pretrial material, the case will

be dismissed. If the *defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this Order** shall be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

14. **Electronic Filing Procedures**: This case has been designated for enrollment in the Electronic Case Filing System (CM/ECF). (For more information on the ECF system, please see http://www.txnd.uscourts.gov/filing/ecf.html). Now that the case is designated an ECF case, all documents must be filed electronically. Proposed orders are **required** to be submitted with **EVERY** motion. (Modification to Local Rule 7.1(c)). Proposed orders must be submitted via e-mail in a Word-compatible format as instructed in the CM/ECF system's "Proposed Orders" Event. The proposed orders must be **e-mailed** to: ray_orders@txnd. uscourts.gov. Include the case number and the document number of the referenced motion in the subject line.

15. **Citations**: All briefs filed with the Court shall comply with the most recent edition of *The Bluebook: A Uniform System of Citation*. Particularly, counsel and any unrepresented party are directed to provide, where applicable, the subsections of cited statutes, and to provide pinpoint citations when citing cases.

16. **Notice**: Each attorney of record and any unrepresented party must review and adhere to the Local Civil Rules of the Northern District of Texas, available at http://www.txnd.uscourts.gov/rules/localrules/lr_civil.html. Additionally, each attorney of record and any unrepresented party must review and abide by the standards of litigation conduct for attorneys appearing in civil actions in the Northern District of Texas, as outlined in *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), available at https://www.txnd.uscourts.gov/sites/default/files/documents/Dondi.PDF.

17. **Inquiries**: Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate. Questions regarding electronic notice or electronic case files shall be directed to the **Help Desk at 1-866-243-2866**.

It is so **ORDERED** on March 6, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

7